MURIEL B. KAPLAN (SBN: 124607)
MICHELE R. STAFFORD (SBN: 172509)
SALTZMAN AND JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
Telephone:  (415) 882-7900
Facsimile:  (415) 882-9287
email@sjlawcorp.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASSWORKERS PENSION PLAN, et al.,**

    Plaintiffs,

5.

**THOMAS H. FRENCH GLASS, INC.,**

    Defendant.
_____/

CASE NO.: C 06-2075 BZ

STIPULATION FOR ENTRY OF JUDGMENT

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment in the within action may be entered in favor of the plaintiffs and against defendant Thomas H. French Glass, Inc. as follows:

1. Defendant entered into a valid collective bargaining agreement with the District Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining Agreement").  This Bargaining Agreement has continued in full force and effect to the present time.

2. Pursuant to the Bargaining Agreement and the Trust Agreements of Plaintiff Funds as amended, which are incorporated into the Bargaining Agreement, defendant is indebted to plaintiffs in the sum of $89,861.80, which includes the period March through June 2005 unpaid contributions, plus interest on the unpaid contributions at 5% per annum (through August 31, 2005).

1  In addition to the foregoing, plaintiffs shall recover attorneys' fees and costs of this action, all as
2  follows:

|  |  |
|---|---:|
| Contributions (03/05 - 06/05) | $87,951.25 |
| Interest at 5% per annum (3/05 - 6/05) to 8/31/05 | $1,555.80 |
| Attorneys Fees (8/15/05 to 08/23/05) | $354.75 |
| **TOTAL** | $89,861.80 |

3. Upon entry of this Stipulation, no action shall be filed unless and until any default of defendant occurs as to the terms herein, and then an action may be filed and Judgment entered as provided in paragraph 7 below.

4. Defendant shall pay the sum $89,861.80, plus interest at a rate of five percent (5%) per annum on the unpaid balance, as follows:

(1) On or before August 20, 2005, and no later than the 20th day of each month thereafter for a period of 12 months, through and including July 20, 2006, defendant shall pay to plaintiffs the amount of $8,000.00.

(2) Defendant shall have the right to increase the monthly payments at any time;

(3) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 5% per annum from August 21, 2005, until paid in full, in accordance with plaintiffs' Trust Agreements;

(4) Payments shall be made to the "Glaziers Trust Funds," and delivered to Saltzman & Johnson Law Corporation, 120 Howard Street, Suite 520, San Francisco, CA 94105 **to be received on or before the 20th day of each month**, or to such other address as may be specified by plaintiffs;

(5) Prior to defendant's final payment hereunder, plaintiffs shall advise defendant of any additional amounts incurred under the following terms of this Stipulation, and that amount shall be paid with the last payment, on or before July 20, 2006.

5. Beginning with contributions due for hours worked by defendant's employees during July 2005, to be received by the Trust Funds no later than August 31, 2005, and for every month

thereafter until this judgment is satisfied, defendant shall remain current in contributions due to plaintiffs under the current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended. Failure by Defendant to remain current in its contributions shall constitute a default of the obligations under this agreement and the provisions of Paragraph 7 shall apply. Upon plaintiffs' filing of a legal action for defendant's default hereunder, unpaid contributions, together with 20% liquidated damages and 5% per annum interest accrued on those contributions, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions and the provisions of this agreement are in addition thereto.

6. It is further stipulated and agreed that Vincent Richard Minafo, President of Defendant Thomas H. French Glass, Inc., shall personally guarantee payment of the amounts owed by defendant to the plaintiffs, under the terms of this Stipulation. In consideration of the terms of this Stipulation, defendant and Vincent Richard Minafo individually, submit herein to the jurisdiction of this Court and stipulate to the terms set forth herein for any additional payments due to Plaintiffs under the terms herein.

7. In the event that defendant or Vincent Richard Minafo ("Guarantor,") fail to make any payment required under Paragraph 4 above, or fail to remain current in any contributions under paragraph 5 above, then,

(a) Defendant and Guarantor specifically waive any defense which many apply to the filing of this action, including but not limited to any statute of limitations, and waives service of summons and complaint in this action. Any such filing shall be for the purpose of Entry of Judgment as stipulated herein against defendant.

(b) The entire balance of $89,861.80, less principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20% liquidated damages and 5% per annum interest thereon as provided in above paragraph 5 shall be immediately due, together with any additional attorneys' fees and costs under section (e) below.

   (c) A writ of execution may be obtained against Defendant and/or Guarantor without further legal action, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by or on behalf of defendant and the balance due and owing as of the date of default.

   (d) Defendant and Guarantor waive notice of entry of judgment and expressly waive all rights to stay of execution and appeal. Judgment may be entered by a magistrate or a judge without the necessity of a noticed motion.

   (e) Defendant, or Guarantor, shall pay all additional costs and attorneys' fees incurred by plaintiffs in connection with collection of the amounts owed to plaintiffs under this Stipulation.

 8. Any failure on the part of the plaintiffs to take any action against defendant or Guarantor as provided herein in the event of any breach of the provisions of this Stipulation, shall not be deemed a waiver of any subsequent breach by the defendant of any provisions herein.

 9. Plaintiffs specifically reserve all rights to bring a subsequent action against defendant for the collection of any additional contribution delinquencies found to be due for the hours worked during the periods preceding the date of this Stipulation. Defendant specifically waives the defense of the doctrine of res judicata in any such action.

 10. In the event of the filing of a bankruptcy petition by defendant or its Guarantor, the parties agree that any payments made by defendant or Guarantor pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(C)(2) and shall not be claimed by defendant as a preference under 11 U.S.C. Section 547 or otherwise.

Dated: August 30, 2005      Thomas H. French Glass, Inc.

             /s/
         By: Vincent Richard Minafo
         Its: President

Dated: August 30, 2005          Vincent Richard Minafo

_____/s/_____
Individual Guarantor

Dated: September 2, 2005        SALTZMAN & JOHNSON LAW
                                CORPORATION

                         By:    _____/s/_____
                                Muriel B. Kaplan
                                Attorneys for Plaintiffs

IT IS SO ORDERED.

Dated: April 21, 2006           _____
                                UNITED STATES MAGISTRATE JUDGE

[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED, Judge Bernard Zimmerman]

P:\CLIENTS\GLACL\Thomas H. French Inc\Pleadings\stip for entry of judgment 082305.wpd

STIPULATION FOR
ENTRY OF JUDGMENT
USDC Case No.: C 06-2075 BZ

5